UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANA ANN GREENE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-00170-JMS-MPB |
| | ) |
| ALBERT TEATERS, | ) |
| MICHAEL RODRIGUEZ, | ) |
| JEREMY LEE, | ) |
| CITY OF INDIANAPOLIS, | ) |
| INDIANAPOLIS METROPOLITAN POLICE | ) |
| DEPARTMENT, | ) |
| BRYAN K. ROACH, | ) |
| KEVIN LARUSSA, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

This matter is before the Court on Defendant Indianapolis Metropolitan Police Department's ("IMPD") Motion to Dismiss, [Filing No. 23], Plaintiff Dana Greene's Response and Motion to Amend Complaint, [Filing No. 26], and Defendants' Motion to Stay the Pretrial Schedule, [Filing No. 31].

### I.
#### BACKGROUND

On January 17, 2017, Ms. Greene, originally proceeding *pro se*, filed her Complaint against "Indianapolis (IMPD)." [Filing No. 1.] On February 21, 2017, Ms. Green filed her Amended Complaint, [Filing No. 8], in response to the Court's screening order of her initial Complaint, [Filing No. 4]. On March 24, 2017, the Court screened Ms. Greene's Amended Complaint, permitting her claims against Defendants Albert Teaters, Michael Rodriguez, and Jeremy Lee to proceed. [Filing No. 9.] On May 25, 2017, the Court entered a Pretrial Schedule, setting June 14, 2017 as the deadline for pleading amendments.

On October 27, 2017, Ms. Greene's counsel entered her appearance. [Filing No. 18.] On November 3, 2017, Ms. Greene filed an Unopposed Motion for Leave to Amend Complaint, [Filing No. 19], which the Court granted on November 13, 2017, [Filing No. 20]. The Second Amended Complaint added claims against IMPD, City of Indianapolis, Bryan Roach, and Keven Larussa. [Filing No. 21.]

On November 27, 2017, IMPD filed its Motion to Dismiss, arguing that it is not an entity capable of being sued. [Filing No. 23.] On December 12, 2017, Ms. Greene filed her Response to IMPD's Motion to Dismiss, including a Motion to Amend to remove IMPD as a party and add a claim against the Consolidated City of Indianapolis and Marion County. [Filing No. 26.] On December 21, 2017, Defendants filed their Motion to Stay the Pretrial Schedule. [Filing No. 31.] The time for further submissions on these motions has expired, and the motions are therefore ripe for decision.

## II.
### DISCUSSION

The Court first addresses Ms. Greene's Motion to Amend, [Filing No. 26], which must be **DENIED** for several reasons. First, Local Rule 7-1(a) provides that "[a] motion must not be contained within a . . . response . . . to a previously filed motion." S.D. Ind. L.R. 7-1(a). Including the Motion as part of the Response to IMPD's Motion to Dismiss was inappropriate.

Second, the Proposed Third Amended Complaint, [Filing No. 26-2], does not comport with the relief sought in the Motion to Amend, [Filing No. 26]. While the Motion to Amend sought to "rename [IMPD] as Consolidated City of Indianapolis and Marion County," [Filing No. 26 at 2], the Proposed Third Amended Complaint nonetheless contains "complaints against Defendant[] . . . Indianapolis Metropolitan Police Department," [Filing No. 26-2 at 1]. Despite no longer being included in the caption, IMPD is further listed as a Defendant under each Count of the Proposed

Third Amended Complaint. [Filing No. 26-2.] It is not the Court's task to proofread and correct a party's proposed pleading to ensure that it complies with the accompanying motion to amend.

Third, Ms. Greene's Motion was filed after the expiration of the deadline for pleading amendments, thus requiring Ms. Greene to show "good cause" for the timing of the Motion under Federal Rule of Civil Procedure 16(b)(4). The Court pointed out in its first screening order that any claim against IMPD "is in all respects . . . against the City of Indianapolis," [Filing No. 4 at 2], and Ms. Greene's counsel was responsible for the contents of the currently-operative Second Amended Complaint. Ms. Greene has failed to establish any cause, let alone good cause, for the delay in correcting the deficiency.

Finally, Ms. Greene's currently-operative Second Amended Complaint already alleges *Monell* claims against the City of Indianapolis based upon the alleged actions of IMPD. [Filing No. 21 at 6-13.] Under Indiana law, "[t]he consolidated city is known as 'City of _____,' with the name of the first class city inserted in the blank." Ind. Code § 36-3-1-4(b); *see also* Ind. Code § 36-1-2-3 ("'City' refers to a consolidated city . . . ."). It therefore appears that Ms. Greene's proposed amendment simply seeks to add the City of Indianapolis a second time, albeit by another name. Moreover, "the city and county jointly operate the police force," *Brooks-Albrechtsen v. City of Indianapolis*, 681 F. App'x 515, 516 n.1 (7th Cir. 2017), so it appears that there is nothing to be gained by adding claims against the Consolidated City of Indianapolis and Marion County to the claims against the City of Indianapolis, to the extent they are even distinct entities under Indiana law.

For each of these reasons, the Court **DENIES** Ms. Greene's Motion to Amend. [Filing No. 26.]

Next, IMPD's Motion to Dismiss seeks dismissal of Ms. Greene's claims against it on the basis that it is not capable of being sued under Indiana law. [Filing No. 23.] IMPD's Motion is well-taken; as Ms. Greene concedes, IMPD is not a suable entity. [Filing No. 26 at 2]; *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued."). The Court therefore **GRANTS** IMPD's Motion to Dismiss.

Finally, the Court **GRANTS** Defendants' Motion to Stay the Pretrial Schedule, [Filing No. 31], to the extent that it will request that the Magistrate Judge hold a conference with the parties and implement a Case Management Plan to govern the development of this action, as described more fully below.

### III.
#### CONCLUSION

For the reasons described above, the Court:

- **DENIES** Ms. Greene's Motion to Amend [26];

- **GRANTS** IMPD's Motion to Dismiss [23] and **DISMISSES** IMPD as a Defendant in this matter; and

- **GRANTS** Defendants' Motion to Stay the Pretrial Schedule [31] to the extent that it **ORDERS** the parties to meet and confer pursuant to Federal Rule of Civil Procedure 26(f) and **REQUESTS** that the Magistrate Judge hold a conference with the parties and implement a Case Management Plan to bring this matter to trial no later than summer of 2020.

Date: 1/18/2018

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**